OPINION
{¶ 1} Defendant-Appellant Billie Jo Johnson appeals a judgment of the Putnam County Court finding her guilty of failure to stop after an accident, a violation of R.C. 4549.021, and sentencing her to thirty days in jail. Johnson asserts that there is insufficient evidence to sustain a conviction, and that the trial court therefore erred in overruling her Crim.R. 29 motion for judgment of acquittal. Finding that the evidence was sufficient to sustain a conviction, we overrule her assignment of error and affirm the judgment of the trial court
 {¶ 2} In the early morning hours of March 19, 2006, a Putnam County Deputy Sheriff was dispatched to I. B. Lookers Bar in Cloverdale to investigate a hit-skip collision. The deputy determined that a car parked across the road in a parking place had backed out of the space, hitting a pick-up truck that was parked off the roadway and across the street. The deputy collected pieces of a broken tail light lens at the scene and interviewed the owner of the pick-up truck. The owner, Stacy McDougle, later informed the deputy that Johnson may have been the driver of the vehicle that struck his truck. The deputy subsequently went to Johnson's residence and found her vehicle with a broken right tail light that appeared to match the pieces he had retrieved from the scene. He then interviewed Johnson, who admitted that she had been at the bar that evening, that she drove her vehicle, and that nobody else had driven it. Although Johnson denied being involved in the accident, the deputy cited her for the hit-skip offense.
 {¶ 3} The matter proceeded to a jury trial on June 9, 2006. Two eyewitnesses to the collision testified, with both indicating that the offender's vehicle sustained a broken right tail light lens in the collision, and that the driver of the vehicle fit Johnson's description. One of the eyewitnesses identified Johnson as the driver in court. After the conclusion of the trial, the jury returned a guilty verdict, and the trial court immediately sentenced Johnson to thirty days in jail, with twenty-seven days suspended; fined her $500, with $250 suspended; suspended her operator's license for six months; and ordered Johnson to pay $817.69 in restitution. It is from this judgment that Johnson appeals, setting forth one assignment of error for our review.
 Assignment of Error The trial court committed an error of law in denying the Crim.R. 29 Motion for Acquittal.
 {¶ 4} In her assignment of error, Johnson asserts that her conviction was not supported by sufficient evidence. Specifically, Johnson argues that the evidence was insufficient to prove beyond a reasonable doubt the identity of the driver and the vehicle involved in the collision.
 {¶ 5} Crim.R. 29 provides:
 (A) Motion for judgment of acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
Therefore, a court may not order a "judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, at syllabus, citing Crim.R. 29(A). A motion for acquittal tests the sufficiency of the evidence. State v. Miley (1996),114 Ohio App.3d 738, 742, 684 N.E.2d 102. Sufficiency is a test of adequacy, and the question of whether evidence is sufficient to sustain a verdict is one of law. State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541, superseded by state constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 1997-Ohio-355,684 N.E.2d 668; State v. Robinson (1955), 162 Ohio St. 486,124 N.E.2d 148, superseded by state constitutional amendment on other grounds as stated in Smith.
When an appellate court reviews the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1981), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, superseded by state constitutional amendment on other grounds as stated in Smith. Therefore, we must address Johnson's claim that the evidence was insufficient to support the finding that she was guilty beyond a reasonable doubt.
Johnson was charged with failure to stop after an accident on property other than public roads or highways under R.C. 4549.021. To obtain a guilty verdict, the state had to prove two essential elements of this offense: (1) that Johnson was the driver of a motor vehicle that was involved in an accident and (2) that she failed to stop and give the owner of the other vehicle her name, address and vehicle registration number. Because Johnson only challenges the sufficiency of the evidence relating to whether she was the operator of the vehicle involved in the collision, we will only address this evidence.
 {¶ 6} While the investigation of this collision was very cursory, when the evidence at trial is considered in a light most favorable to the state, it is clear the evidence was sufficient to support the finding that Johnson operated her vehicle and that she was the driver involved in the collision.
 {¶ 7} The testimony established that a Putnam County Deputy Sheriff, Tony Recker, was dispatched to the scene of the collision at 2:57 a.m. on March 19, 2006. Upon arrival, Deputy Recker looked at the damaged pick-up truck and observed the scene. He observed and collected pieces of a broken tail light lens near the rear tire of the truck, which he was told had come from the offending vehicle. He apparently interviewed no witnesses at the scene or any time thereafter. However, later that day, the victim, McDougle, contacted Deputy Recker and indicated that Johnson may have been the person who struck his vehicle. Recker went to Johnson's home in Oakwood, and viewed a parked vehicle, which exhibited a broken right tail light matching the pieces he had collected at the scene. He then interviewed Johnson, who identified her vehicle, admitted being at the scene the previous evening, and stated that she had driven her vehicle that evening and that nobody else had driven it. However, Johnson denied any recollection of being involved in a collision. Deputy Recker concluded his investigation and issued the citation to Johnson.
 {¶ 8} At trial, the state also called two eyewitnesses to the collision to testify. Tammy Willbright testified that she was walking to a pop machine near the bar at about 2:30 on the night in question; that she heard the collision; and that she immediately looked and observed Johnson operating the vehicle that had collided with the pick-up truck. She testified that she saw the tail light lens from Johnson's car break and fall to the ground. She also testified that another individual advised Johnson to report the collision to the owner of the truck, but that Johnson said "fuck you," and then left the scene. Willbright testified that she immediately left the scene because she did not want to be involved, but later that day, she contacted McDougle's girlfriend, told her about the collision, and then called McDougle directly. Willbright identified Johnson as the driver in her direct testimony; however, on cross-examination, she admitted that while the driver looked "just like [Johnson]," she could not positively be sure it was her.
 {¶ 9} Dustin Paul Gilbert also testified that he was at the bar prior to the collision, as the designated driver for a group of individuals, and that as he was walking to his car at about 2:30 a.m., he heard a crash, looked over, and watched the offending vehicle leave the scene towards State Route 114. Gilbert testified that he chased the car for one and a half blocks, yelling at the driver to stop. Gilbert testified that he observed a broken right tail light on the offending vehicle. Gilbert also testified that he left the scene prior to the deputy sheriff's arrival, but that he made a report to the bar tender at I. B. Lookers. Gilbert also testified that approximately 15 to 20 minutes after leaving the bar, he observed the offending vehicle pulled off on the side of S.R. 114; that the driver was throwing up in the ditch; that he told the driver she needed to go back and report the collision; and that the driver told him that "she didn't hit no vehicle." Gilbert testified that while he could not positively identify the driver, the description matched Johnson.
 {¶ 10} Viewing all of the above evidence in a light most favorable to the state, we conclude that any rational trier of fact could have found that Johnson was operating her vehicle and that she collided with the McDougle pick-up truck in Cloverdale, Ohio on the night in question. Therefore, we cannot find the trial court erred in denying Johnson's motion for acquittal, and we must overrule her only assignment of error.
 {¶ 11} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 ROGERS, P.J., and SHAW, J. concur.
(Walters, J., sitting by assignment in the Third Appellate District.)